UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KING,

       Plaintiff,

v.

KEVIN MCALEENAN,
KENNETH CUCCINELLI,
and MICHAEL KLINGER,

       Defendants.

_____/

Case No. 19-13454

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS [8]**

Plaintiff David King seeks an order that compels Defendants Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Kenneth Cuccinelli, Acting Director of U.S. Citizenship and Immigration Services ("USCIS"); and Michael Klinger, Detroit Field Office Director of USCIS, to adjudicate and approve an immigration petition Plaintiff submitted on behalf of his spouse. (Dkt. 1.) This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. (Dkts. 8, 12.) Plaintiff opposes the motion. (Dkt. 10.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendants' motion will be decided on the briefs and without oral argument. For the reasons set forth below, Defendants' motion is GRANTED.

**I.**     **Background**

In January 2018, Plaintiff filed an I-130 Petition for Alien Relative on behalf of his wife, Josephine Macfayden, a Nigerian national. (Dkt. 1 PgID 2-3.) Plaintiff included in his submission a copy of his Michigan marriage certificate and a document indicating that Macfayden's previous Nigerian marriage was dissolved. *Id.* On March 13, 2019, Defendant Detroit Office Director of USCIS notified Plaintiff of his intent to deny the I-130 petition, stating that the Nigerian divorce document appeared to be fraudulent. (*Id.* at PgID 4.) Plaintiff then provided additional documentation to establish that the Nigerian marriage was dissolved. (*Id.*) On July 12, 2019, USCIS issued a decision denying Plaintiff's petition, finding Plaintiff's new documentation insufficient to show that MacFayden's divorce was recognized by the Nigerian government. (*Id.* at PgID 18-21.)

In August 2019, Plaintiff appealed the agency decision to the Board of Immigration Appeals ("BIA"). (*Id.* at PgID 5.) USCIS received the brief in support of appeal on September 3, 2019. (*Id.*) Plaintiff's counsel appeared at an appointment at the USCIS Field Office on October 22, 2019 and was informed that the appeal was not yet docketed with the BIA. (*Id.* at PgID 6.)

Plaintiff filed an action with this Court on November 22, 2019, claiming that defendants had failed to "promptly" forward Plaintiff's I-130 petition to the BIA or approve the petition within a 45-day period pursuant to 8 C.F.R. § 1003.5(b). (Dkt. 1, PgID 1.) On December 16, 2019, USCIS forwarded Plaintiff's petition to BIA, where it is currently pending. (Dkt. 8-1, PgID 80-81.) USCIS maintains that the petition was forwarded within the normal processing time "given the current backlog and the agency's limited resources." (*Id.*)

## II.     Standard of Review

Defendants' motion rests on two procedural grounds, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In this situation, the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where subject matter jurisdiction is challenged in a 12(b)(1) motion, it is Plaintiff's burden to prove jurisdiction. *Id.*

Defendants argue that the Court lacks subject matter jurisdiction in part due to mootness. Because a federal court's jurisdiction under Article III of the Constitution extends only to actual cases and controversies, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" through all stages of federal judicial proceedings. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986).

Defendants also argue that even if the Court has jurisdiction over this matter, Plaintiff has failed to state a claim under Rule 12(b)(6). "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

Plaintiff asserts subject matter jurisdiction and a right to relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; the Mandamus Act, 28 U.S.C. § 1361; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. As this Court observed in a similar case, "[t]he Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction." *Carter v. Dep't of Homeland Sec.*, No. 07-12953, 2008 WL 205248, at *1 (E.D. Mich. Jan. 24, 2008) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)). Plaintiff therefore must show jurisdiction and entitlement to the relief he seeks through either the Mandamus Act or the APA.

#### A. Plaintiff's Claim Under the Mandamus Act

This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." § 1361. Mandamus relief is a "drastic and extraordinary remedy" that is "reserved for really extraordinary situations." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Furthermore, "[f]or there to be a duty owed to the plaintiff within the meaning of section 1361, there must be a mandatory or ministerial obligation." *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir.1990) (internal quotation marks and citation omitted). Stated differently, mandamus is appropriate only where an individual is owed "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Here, the relevant regulations set forth that:

> If an appeal is taken from a decision of a Service officer, the record of proceeding shall be forwarded to the Board by the Service officer promptly

>upon receipt of the briefs of the parties, or upon expiration of the time allowed for the submission of such briefs. A Service officer need not forward such an appeal to the Board, but may reopen and reconsider any decision made by the officer if the new decision will grant the benefit that has been requested in the appeal. The new decision must be served on the appealing party within 45 days of receipt of any briefs or upon expiration of the time allowed for the submission of any briefs. If the new decision is not served within these time limits or the appealing party does not agree that the new decision disposes of the matter, the record of proceeding shall be immediately forwarded to the Board.

8 C.F.R. § 1003.5(b). Plaintiff asserts that Defendants therefore had a clear and nondiscretionary duty to forward his I-130 petition to the BIA "promptly,[1] conferring Plaintiff a right to relief under the Mandamus Act. Plaintiff argues that Defendants violated that duty and asks the Court to order Defendants to adjudicate and approve his petition.

First, the Court notes that even *if* it were to agree with Plaintiff that Defendants violated a duty to "promptly" forward his petition, this would, at best, entitle him to an order compelling them to perform that duty. Defendants, however, have already forwarded the petition to the BIA and, thus, any such request is moot. And while the regulations give the agency the discretion to reopen and reconsider its decision rather than forward the petition to the BIA, the Court does not have the authority to order the agency to do so. *See Intermodal Techs., Inc. v. Mineta*, 413 F. Supp. 2d 834, 838 (E.D. Mich. 2006) (noting an order compelling an agency to grant the plaintiff's petition would "plainly" be beyond the Court's authority). Thus, even if Defendants had not yet

---

[1] Plaintiff also references the 45-day timeframe. However, that timeframe only comes in to play if the agency chooses to reopen and reconsider its decision rather than forward the appeal to the BIA.

forwarded the petition, to the extent Plaintiff seeks an order compelling Defendants to approve his petition, the Court would not be able to grant the requested relief.

In sum, Plaintiff's petition is currently pending before the BIA, and there are no duties the Court can compel Defendants to perform. Therefore, Plaintiff's claim under the Mandamus Act is dismissed as moot.

### B. Plaintiff's Claim under the APA

"The APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014). Instead, "the federal question statute, 28 U.S.C. § 1331, 'confers jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate.'" *Id.* at 494 (quoting *Califano v. Sanders*, 430 U.S. 99, 105 (1997)). "[T]he APA authorizes judicial review of '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in court . . . .'" *Id.* at 495 (quoting 5 U.S.C. § 704). Judicial review under the APA is not available where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Plaintiff argues that because the Court may "compel agency action unlawfully withheld or unreasonably delayed" under the APA, *see* 5 U.S.C. § 706(1), the Court has jurisdiction over this matter due to the alleged delay in forwarding his petition to the BIA. As discussed above, however, Defendants have now forwarded the petition, and there are no further actions the Court may compel Defendants to perform. And while the Sixth Circuit has held that I-130 petition denials are subject to APA review, *Bangura v. Hansen*, 434 F.3d 487, 501-02 (6th Cir. 2006), when the adversely affected party

voluntarily appeals the denial, as Plaintiff has done here, the "pending appeal renders the decision non-final" and it is therefore unreviewable at this time, *see id.* at 500*; see also Hanif v. Dep't of Homeland Sec.*, 472 F. Supp. 2d 914, 920-21 (E.D. Mich. 2007). Thus, to the extent Plaintiff seeks judicial review of the denial of his I-130 petition, Plaintiff fails to state a claim upon which relief can be granted.

### IV.   Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 22, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager